## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

GWENNETH MOOLENAAR, *et al.*,    )
    )
    **Plaintiffs,**    )
    )
    **v.**    )    **Case No. 3:21-cv-0033**
    )
ARLINGTON COUNTY VIRGINIA    )
CHILD PROTECTIVE SERVICES, *et. al.*,    )
    )
    **Defendants.**    )

## ORDER

**BEFORE THE COURT** is the motion of County Board of Arlington County, Virginia and Karen Grane to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6). (ECF No. 24.) For the reasons stated below, the Court will grant the motion.

### I. BACKGROUND

Gwynneth Moolenaar ("Moolenaar") commenced this action as "maternal grandmother and next friend" to minor fraternal brothers AKM and IRM, alleging that AKM resides "against his will in foster care in Arlington, Virginia" and IRM resides "against his will in Maryland in violation of an order of August 22, 2014 of the Arlington Circuit Court enjoining DSS, defendant herein, from removing his physical custody from his natural mother, Lucienne Moolenaar." (ECF No. 1 at 1, ¶ 1.) Moolenaar alleges that her daughter and the minors' mother had fully custody of her children when an anonymous caller reported that she left her minor son IRM in her car for two minutes alone to pick up her other son AKM from the Head Start program. (*Id.* ¶ 3.) A petition for a preliminary protective order was filed concerning that incident seeking removal of the children from mother's custody by Arlington Department of Human Services and the "J&DR Court" conducted an ex parte hearing in which Defendant Devanshi Patel, Esq. ("Patel") was appointed as Guardian Ad Litem. (*Id.* ¶¶ 4-5.) The petition was denied and an evidentiary hearing scheduled. (*Id.* ¶ 5.) The Court made no finding of abuse or neglect by the mother but entered preliminary protective orders directing the mother to permit visits by the Child Protective Services and

not to leave her children unattended in the vehicle. (*Id.* ¶ 8.) Moolenaar alleges that the order did not prohibit the mother form traveling and she took her children on a vacation to St. Thomas, Virgin Islands, where they also attended a family birthday celebration which was featured in the news and included a photo of the minor AKM. (*Id.* ¶ 11.)

Shortly thereafter, Patel filed for an emergency hearing requesting the children's removal from custody, alleging untruthfully that the mother did not cooperate with the agency and failed to ensure the children's safety. (*Id.* ¶¶13-14.) A preliminary removal order was entered with respect to IRM dated May 2, 2013. (*Id.* ¶ 22.) However, on April 29, 2013, both children were forcibly removed from the mother by the Virgin Islands Department of Human Services accompanied by armed Virgin Islands police while they were eating their breakfast. (*Id.* ¶ 35.) Despite the lack of any allegation of abuse and neglect, the children remained in the legal custody of Arlington Department of Human Services continuously to date and have been residing in foster care. (*Id.* ¶ 35.) Thereafter, a warrant issued and the mother was arrested and charged with abuse and neglect of children. (*Id.* ¶ 37.)

Moolenaar alleges abuse of power and constitutional violations and seeks "damages, loss of consortium with each other and loss of simultaneous consortium with their natural mother and for reunification with their natural mother." (*Id*. at 2, ¶ 3.) Defendants filed the motion to dismiss the complaint based on various grounds, including lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), because Moolenaar lacks standing to assert claims as next friend of the minor children. Moolenaar opposed the motion.

## II. LEGAL STANDARD

The plaintiff bears the burden of proving subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A party may assert by a motion a defense of "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a party may present either a facial or factual challenge to subject matter jurisdiction, but a factual challenge may only be brought after the defendant files an answer or has engaged in discovery. *See Mortensen v. First Fed. Sav. & Loan* Ass'n, 549 U.S. 884, 891 (3d Cir. 1977). When a factual attack is procedurally premature, the court must treat the motion as a facial challenge. *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had

not answered and the parties had not engaged in discovery, the first motion to dismiss was facial."). In a facial challenge, the court "will consider 'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Nellom v. Del. Cty. Domestic Rels. Section*, 145 F. Supp. 3d 470, 476 (E.D. Pa. 2015) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). In addition to the complaint, the court may also consider "documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### III. DISCUSSION

Defendants argue in their motion to dismiss that: (1) the "Court lacks subject matter jurisdiction" pursuant to Fed. R. Civ. P. 12(b)(1), because "Ms. Moolenaar lacks standing to assert claims as next friend of the minor children"; (2) "the complaint is barred by the Rooker-Feldman Doctrine"; (3) "[t]he Due Process Clause of the Fourteenth Amendment prevents this Court from asserting personal jurisdiction over the Arlington Defendants"; (4) "[v]enue in this Court is not proper because the Complaint fails to allege sufficient contacts with the Virgin Islands" pursuant to Fed. R. Civ. P. 12(b)(3) and "the Doctrine of *Forum Non Conveniens*"; and (5) the complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 24.) Concerning lack of subject matter jurisdiction, Defendants assert:

> Although Ms. Moolenaar uses the designation "Esq." after her name, there is no indication in the Complaint that she is acting as an attorney in this matter or that she is even licensed to practice law. Further, the words "pro se" appear after her signature on the Complaint. Complaint p. 31. Lastly, on April 6, 2021, Ms. Moolenaar filed a *Pro Se* ECF Registration Form in this matter. [ECH Doc. 3]. Accordingly, she must be considered as a non-lawyer in this litigation.

(ECF No. 26 at 4.) Defendants also assert that "the minors in this case are not without a representative that can protect their rights.  AKM has been adopted and IKM is in the sole and legal custody of his father. *See* Exhibits A and D." (*Id.* at 5.) However, Exhibits A and D were not submitted by Defendants.

In opposition to the motion, Moolenaar improperly makes additional factual allegations (ECF Nos. 28, 30) and argues that: (a) Defendants violated the minors' rights (ECF

No. 29 at 2-3); (b) "this is an original suit by the minors never alleging abuse of power before" in any jurisdiction (*id.* at 3); (c) the complaint was filed within the statute of limitations and the Rooker-Feldman doctrine does not apply (*id.* at 4-5); and (d) she is "Nominal Plaintiff" and the only person "with personal knowledge of all of the facts pleaded in the Complaint" and she "seeks reunification not for herself but as a voice of the minors to be reunited with their mother" (ECF No. 30 at 5). Moolenaar did not address Defendants' argument that she lacks standing as next friend.

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy," which "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir. 2007).

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. "The following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1). "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The Third Circuit cited with approval the Tenth Circuit decision holding "that under Fed. R. Civ. P. 17(c) and 28 U.S.C.A. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Osei-Afriyie by Osei-Afriyie v. Med. Coll. Of Pennsylvania*, 937 F.2d 876, 883 (3d Cir. 1991) (quoting *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)). "The right to counsel belongs to the children, and . . . the parent cannot waive this right." *Id.*

Moolenaar is not a dully appointed representative of the minors in this case as provided by Fed. R. Civ. P. 17(c)(1). Although Moolenaar alleges to be the minors' "next friend," she signed the complaint as a "pro se" "nominal Plaintiff." However, the terms "next

friend" and "nominal plaintiff" are inconsistent. "Next friend" is defined as "[s]omeone who appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff, but who is not a party to the lawsuit and is not appointed as a guardian." *Next friend*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("BLACK'S LAW"). "Nominal party" is defined as "[a]party to an action who has no control over it and no financial interest in its outcome; esp., a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects." *Nominal party*, BLACK'S LAW.

Moolenaar is not represented by an attorney and, despite indicating "Esq." next to her name, she did not file a notice of appearance in this case or indicate that she is acting as an attorney on behalf of the minors in this case; rather, she filed a "*Pro Se* ECF Registration Form" used by pro se litigants. (ECF No. 3.) Moolenaar cannot proceed as next friend in this action without the assistance of counsel. *Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) ("The rule prohibiting a next friend from litigating pro se on behalf of another person exists to protect the rights of the represented party."). In light of the circumstances of this case, as well as the nature of Moolenaar's filings in this action, including what appear to be unsigned, incomplete and duplicative documents filed in opposition to the motion (ECF No. 28 incomplete and unsigned, ECF No. 29 unsigned, ECF Nos. 30-2 & 31 duplicative), and Moolenaar's failure to address Defendants' argument that she lacks standing as next friend, the Court is not convinced that Moolenaar satisfied her burden of showing that she has standing as next friend to the minors in this action. Accordingly, dismissing the complaint without prejudice for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) is warranted.

### IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss for lack of subject matter jurisdiction, ECF No. 24, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the case.

**Dated:** September 28, 2022                    */s/ Robert A. Molloy*
                                                **ROBERT A. MOLLOY**

*Moolenaar v. Arlington Cnty. VA Child Protective Servs.*
Case No. 3:21-cv-0033
Order
Page 6 of 6

**Chief Judge**